# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

───────────────

### No. ACM 24007 (f rev)

───────────────

### UNITED STATES
*Appellee*

**v.**

### Won KIM
Airman First Class (E-3), U.S. Air Force, *Appellant*

───────────────

Appeal from the United States Air Force Trial Judiciary[1]

Decided 27 May 2026

───────────────

*Military Judge*: Christopher James.

*Sentence*: Sentence adjudged 16 August 2023 by SpCM convened at Osan Air Base, Republic of Korea, and entered by military judge on 19 October 2023: Hard labor without confinement for 30 days, restriction to the limits of Osan Air Base for 30 days, forfeiture of $500.00 pay per month for 2 months, reduction to E-1, and a reprimand. Sentenced approved by the convening authority on 21 January 2026 after remand and reentered by military judge on 7 April 2026: No punishment.

*For Appellant*: Major Samantha M. Castanien, USAF.

*For Appellee*: Lieutenant Colonel J. Peter Ferrell, USAF; Lieutenant Colonel Jenny A. Liabenow, USAF; Major Regina Henenlotter, USAF; Mary Ellen Payne, Esquire.

Before, JOHNSON, GRUEN, and KEARLEY, *Appellate Military Judges*.

───────────────

---

[1] Appellant appeals his conviction under Article 66(b)(1(A), Uniform Code of Military Justice, 10 U.S.C. § 866(b)(1)(A) (*Manual for Courts-Martial, United States* (2024 ed.)).

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

_____

PER CURIAM:

A panel of officer and enlisted members sitting as a special court-martial convicted Appellant, contrary to his pleas, of two specifications of abusive sexual contact with an intent to gratify his sexual desires without consent and one specification of assault consummated by a battery, in violation of Articles 120 and 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920 and 928, respectively.[2] The members sentenced Appellant to hard labor without confinement for 30 days, restriction to the limits of Osan Air Base, Republic of Korea, for 30 days, forfeiture of $500.00 pay per month for four months, reduction to the grade of E-1, and a reprimand. The convening authority took no action on the findings, but reduced the adjudged forfeiture of $500.00 pay per month from four months to two months.

Appellant asserted four issues before this court that we reworded: (1) whether Appellant's conviction for abusive sexual contact for touching EW's breast on divers occasions (Specification 1 of Charge I) was factually insufficient; (2) whether Appellant's conviction for abusive sexual contact for touching EW's vulva with his thigh with intent to gratify his sexual desire (Specification 2 of Charge I) was legally and factually insufficient; (3) whether the Government's failure to include post-trial motions and rulings rendered the record of trial (ROT) incomplete or alternatively constituted other error for which relief is appropriate; and (4) whether Appellant's constitutional rights were violated when he was convicted of an offense without a unanimous verdict.

In its 15 August 2025 opinion, this court set aside the findings of guilty as to Specifications 1 and 2 of Charge I and Charge I; dismissed with prejudice Charge I and its Specifications; and set aside the sentence, authorizing a rehearing on the sentence. *See United States v. Kim*, ACM No. 24007, 2025 CCA LEXIS 386, at *43–44 (A.F. Ct. Crim. App. 15 Aug. 2025) (unpub. op.). The court deferred ruling on the remaining convicted offense of Specification 1 of Charge II (assault consummated by a battery upon EW) and Charge II, until the record was returned to the court. The case was returned to the Judge

_____

[2] Unless otherwise noted, all references to the UCMJ and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

Advocate General for further processing consistent with the court's 15 August 2025 opinion.

Appellant's case was returned to the court and docketed on 20 May 2026. In a memorandum by the convening authority, dated 21 January 2026, the convening authority determined that while a rehearing on sentence was authorized, "[a] sentence rehearing was found to be impracticable," and approved a sentence of no punishment pursuant to Rule for Courts-Martial 1203(e)(3)(a). On 7 April 2026, the military judge signed a new entry of judgment reflecting that Appellant was convicted of one specification of assault consummated by a battery upon EW in violation of Article 128, UCMJ (Specification 1 of Charge II), with a sentence of no punishment.

Appellant did not challenge his conviction for Specification 1 of Charge II, assault consummated by a battery by touching EW's face with his nose and tongue, in violation of Article 128, UCMJ. We find the evidence for this offense legally sufficient and affirm Specification 1 of Charge II and Charge II. *See Kim*, unpub. op. at *2–3.

Accordingly, the findings of guilty to Specification 1 of Charge II and to Charge II are correct in law. Article 66(d)(1), UCMJ, 10 U.S.C. § 866(d)(1) (*Manual for Courts-Martial, United States* (2024 ed.)). In addition, the sentence of no punishment is correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence as entered are **AFFIRMED.**

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court